UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| Eric King, | Civil Action No. 4:15-cv-00108 |
| Plaintiff, | |
| v. | **COMPLAINT AND DEMAND FOR JURY TRIAL** |
| NCO Financial Systems, Inc., and | |
| Anh H. Regent d/b/a Regent & Associates, | |
| Defendants. | |
| | (Unlawful Debt Collection Practices) |

# COMPLAINT

1. This is an action for actual and statutory damages and for declaratory relief brought by Eric King against NCO Financial Systems, Inc., and Anh H. Regent d/b/a Regent & Associates, for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. ("FDCPA"), the Texas Debt Collection Act, Tex. Fin. Code § 392.001 *et seq*. ("TDCA"), the Texas Deceptive Trade Practices Act, Tex. Bus. & Com. Code, Chapter 17, Subchapter E ("TDTPA"), and for common law civil conspiracy.

## JURISDICTION

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202. Venue in this District is proper in that Defendants transact business here and the conduct complained of occurred here.

## PARTIES

3.      Plaintiff Eric King ("King") is a natural person residing in Dallas County, Texas, who allegedly owed an unpaid balance on a student loan debt obtained for personal use.  King is a "consumer" as defined by the FDCPA at 15 U.S.C. § 1692a(3) and by the TDCA at Tex. Fin. Code § 392.001(1).

4.      Defendant NCO Financial Systems, Inc. ("NCO") is a Pennsylvania corporation engaged in the business of collecting consumer debts in this State.  Using instrumentalities of interstate commerce, NCO sought to collect from King the unpaid balance allegedly due on a student loan debt.  NCO has filed with the Texas Secretary of State a surety bond to engage in debt collection activities in Texas (File No. 20030195).  NCO is a "debt collector" as defined by the FDCPA at 15 U.S.C. § 1692a(6) and by the TDCA at Tex. Fin. Code § 392.001(6), and NCO is a "third-party debt collector" as defined by the TDCA at Tex. Fin. Code § 392.001(7).

5.      Defendant Anh H. Regent d/b/a Regent & Associates ("Regent") is a Texas attorney who was retained by NCO and who is engaged in the business of collecting consumer debts in this State.  Using instrumentalities of interstate commerce, Regent sought to collect from King the unpaid balance allegedly due on a student loan debt.  Regent has filed with the Texas Secretary of State a surety bond to engage in debt collection activities in Texas (File No. 20020226).  Regent is a "debt collector" as defined by the FDCPA at 15 U.S.C. § 1692a(6) and by the TDCA at Tex. Fin. Code § 392.001(6), and Regent is a "third-party debt collector" as defined by the TDCA at Tex. Fin. Code § 392.001(7).

**FACTUAL ALLEGATIONS**

6. Acting on behalf of NCO, Regent filed suit against King on February 14, 2014, in the County Court at Law No. 1 of Dallas County, Texas, in Cause No. CC-14-00713-A, styled *National Collegiate Student Loan Trust 2005-2 v. Eric King* (the "State Court Action"), seeking recovery of an unpaid balance of $11,752.47 that was allegedly owed under a student loan agreement between King and an undisclosed original creditor that was not named in the Original Petition in the State Court Action.

7. The State Court Action was commenced in the name of "National Collegiate Student Loan Trust 2005-2" ("NCSLT 2005-2").

8. NCSLT 2005-2 is a Delaware statutory trust.

9. NCSLT 2005-2 was formed pursuant to a Trust Agreement dated as of June 9, 2005.

10. Under the Trust Agreement, the trustee of NCSLT 2005-2 is Wells Fargo Delaware Trust Company, N.A. (formerly Delaware Trust Company, N.A.) ("Wells Fargo").

11. In section 2.05 of the Trust Agreement, captioned "Declaration of Trust," Wells Fargo expressly declared that "it will hold the Trust Property in trust upon and subject to the conditions set forth herein for the use and benefit of the [beneficiaries]."

12. NCSLT 2005-2 is an "express trust" created by a written declaration of trust in accordance with §§ 111.004(a) and 112.001(1) of the Texas Property Code.

13. Wells Fargo is the legal representative of NCSLT 2005-2.

14. The State Court Action was not filed in the name of Wells Fargo in its representative capacity as trustee for NCSLT 2005-2.[1]

---

[1] *Ray Malooly Trust v. Juhl*, 186 S.W.3d 568, 570 (Tex. 2006) (absent a statutory exception, "[t]he general rule in Texas [. . .] has long been that suits against a trust must be brought against its legal representative, the trustee." *Way v. House*, 315 S.W.3d 216, 218 (Tex. App. – Eastland 2010, pet. denied) ("Because a trust does not

15. In a Prospectus Supplement filed with the Securities and Exchange Commission on June 7, 2005, the transferor of the student loans to Wells Fargo affirmatively stated that "[t]he owner trustee will hold legal title to the trust student loans."

16. Wells Fargo holds legal title to the student loan at issue in the State Court Action.

17. Wells Fargo holds the legal rights asserted in the State Court Action.

18. The State Court Action was not authorized by Wells Fargo as the holder of the legal rights asserted in the State Court Action.

19. Wells Fargo did not retain Regent to represent NCSLT 2005-2 in the State Court Action.

20. NCSLT 2005-2 is not registered as a foreign filing entity with the Secretary of State of the State of Texas.[2]

21. Under the Texas Trust Code, it is the power and duty of the *trustee*, not a third-party debt collector, to "compromise, contest, arbitrate, or settle claims of or against the trust estate" (Tex. Prop. Code § 113.019) and to "employ attorneys . . . reasonably necessary in the administration of the trust estate" (Tex. Prop. Code § 113.018).

22. Under § 4.01(b)(1) of the Trust Agreement, it is the inherent power and duty of the *trustee*, without any further authorization, to pursue "claims or lawsuits initiated in the ordinary course of business by the Trust or its agents or nominees for the collection of the Student Loans owned by the Trust."

---

have capacity, any suits involving the trust must be brought by or against the trustee."); *Ritchie v. Rupe*, 339 S.W.3d 275, 281 n. 3 (Tex. App. – Dallas, 2011), rev'd on other grounds, 443 S.W.3d 856 (Tex. 2014) ("Lawsuits by or against trusts must be brought by or against the legal representative, the trustee of the trust.").

[2]   Tex. Bus. Org. Code § 9.051(b) requires that a foreign filing entity cannot file suit in Texas unless it has registered with the Texas Secretary of State. *Greystar, LLC v. Adams*, 426 S.W.3d 861, 866 (Tex. App. – Dallas 2014) (no pet.) ("Section 9.051(a) [sic] prevents a foreign filing entity from maintaining 'an action, suit, or proceeding in a court of this state . . . unless the foreign filing entity is registered in accordance with this chapter.'") (ellipsis in original).

23. Wells Fargo did not initiate the State Court Action.

24. The State Court Action was instigated by NCO, a third-party debt collector that was not identified in the Original Petition in the State Court Action.

25. Regent was retained by NCO to prosecute the State Court Action.

26. By filing the Original Petition in the State Court action in the name of "National Collegiate Student Loan Trust 2005-2," NCO and Regent intentionally created the false impression that NCSLT 2005-2 had the legal capacity to sue in Texas, that Wells Fargo had authorized the State Court Action and had retained Regent to represent NCSLT 2005-2, and that NCSLT 2005-2 was duly registered as a foreign filing entity with the Secretary of State of the State of Texas.

27. In Paragraph 2 of the Original Petition in the State Court Action, NCO and Regent alleged that "Plaintiff is National Collegiate Student Loan Trust 2005-2."

28. In Paragraph 5 of the Original Petition in the State Court Action, NCO and Regent falsely represented that "Defendant(s) defaulted in making the payments on the Account(s) as required by the terms of the agreement *with Plaintiff*." (Emphasis added.)

29. In Paragraph 5 of the Original Petition in the State Court Action, NCO and Regent falsely represented that "Defendant(s) have breached the contract *with Plaintiff*." (Emphasis added.)

30. In Paragraph 6 of the Original Petition in the State Court Action, NCO and Regent falsely represented that King's alleged default of his purported agreement with NCSLT 2005-2 "made it necessary *for Plaintiff* to employ the undersigned attorney to file suit." (Emphasis added.)

31. King has never entered into or breached an agreement with NCSLT 2005-2.

32. King has never received money or an extension of credit from NCSLT 2005-2.

33. King has never had any financial dealings NCSLT 2005-2.

34. NCO and Regent did not disclose the identity of the original creditor in the Original Petition in the State Court Action.

35. NCO and Regent did not allege that either the nominal plaintiff (NCSLT 2005-2) or the real plaintiff (NCO) acquired any interests in the student loan at issue by assignment.

36. By falsely representing that King entered into an agreement with NCSLT 2005-2, that King breached his purported agreement with NCSLT 2005-2, and that King's breach of his purported agreement with NCSLT 2005-2 made it necessary for NCSLT 2005-2 to retain Regent, NCO and Regent intentionally deceived the state court and King by presenting their claims as an action by an original creditor when, in fact, the State Court Action was instigated by an undisclosed third-party debt collector on a debt previously owed, if at all, to an undisclosed original creditor.

37. NCO and Regent improperly embedded twenty-six Requests for Admissions within the Original Petition in the State Court Action.[3]

38. In Request for Admission No. 1, NCO and Regent asked King to falsely admit that "***Plaintiff*** entered into a contract with Defendant." (Emphasis added.)

39. In Request for Admission No. 4, NCO and Regent asked King to falsely admit that "***Plaintiff*** and Defendant entered into an agreement to create an account for credit." (Emphasis added.)

---

[3] "[T]he Rules of Civil Procedure do not authorize the inclusion of a discovery request in a petition or as an exhibit to the petition." *Hankston v. Equable Ascent Financial*, 382 S.W.3d 631, 635 (Tex. App. – Beaumont 2012, no pet.) (a case in which Regent represented the debt collector both at trial and on appeal). Moreover, although the Original Petition affirmatively stated that "[t]his is a Level One discovery control plan case," parties in Level 1 cases are limited to fifteen requests for admissions. Tex. R. Civ. P. 190.2(b)(5).

---

40. In Request for Admission No. 2, NCO and Regent asked King to falsely admit that "*Plaintiff* opened the Account." (Emphasis added.)

41. In Request for Admission No. 5, NCO and Regent asked King to falsely admit that "*Plaintiff* offered an extension of credit to Defendant." (Emphasis added.)

42. In Request for Admission No. 6, NCO and Regent asked King to falsely admit that "*Plaintiff* made a loan on behalf of Defendant for the amount requested." (Emphasis added.)

43. In Request for Admission No. 8, NCO and Regent asked King to falsely admit that "Defendant made purchases using the credit provided by *Plaintiff*." (Emphasis added.)

44. In addition, in Request for Admission No. 22, NCO and Regent improperly asked King to falsely admit that "Defendant has no defense to this suit, and judgment should be granted, as prayed for."[4]

45. Finally, in Request for Admission No. 24, NCO and Regent improperly asked King to falsely admit that "[t]he documents attached to this Petition are true and correct copies of the business records maintained by Plaintiff," although, in fact, no documents were attached to the petition.

46. Contrary to the false admissions sought by NCO and Regent, NCSLT 2005-2 never entered into a contract with King, NCSLT 2005-2 and King never entered into an agreement to create an account for credit, NCSLT 2005-2 never offered an extension of credit to King,

---

[4] Requests for admissions cannot be used to ask a defendant to concede defeat. *Marino v. King*, 355 S.W.3d 629, 632 (Tex. 2011) (holding that requests for admissions were never intended to be used to ask the defendant to admit the validity of the plaintiff's claims or to concede the defendant's defenses); *Stelly v. Papania,* 927 S.W.2d 620, 622 (Tex.1996) (per curiam) (holding that requests for admissions "never intended to be used as a demand upon a plaintiff or defendant to admit that he had no cause of action or ground of defense.") (quoting *Sanders v. Harder,* 148 Tex. 593, 227 S.W.2d 206, 208 (1950)). *See, also, McCollough v. Johnson, Rodenburg & Lauinger, LLC,* 637 F.3d 939, 952 (9th Cir. 2011) (holding that a debt collector violates the Fair Debt Collection Practices Act by serving requests for admissions that ask the defendant to "admit [the plaintiff's] entire case against him and concede all defenses.").

NCSLT 2005-2 never made a loan to King, King never used any credit provided by NCSLT 2005-2, and King had several viable defenses to the claims asserted in the State Court Action.

47. NCO and Regent did not notify King that the Requests for Admissions embedded within the Original Petition would be deemed admitted if not timely denied.

48. At the time that these false Requests for Admissions were served upon him, King had not yet retained legal counsel in the State Court Action.[5]

49. The State Court Action was dismissed for want of prosecution on June 20, 2014, when Regent failed to appear at a hearing.

50. More than two months later, on August 28, 2014, NCO and Regent filed an untimely Motion for Default Judgment claiming that "Plaintiff contends that it has **deemed admissions** because the Requests for Admissions contained in its Petition have not been answered." (Emphasis in original.)

51. In the untimely Motion for Default Judgment, NCO and Regent disclosed for the first time that the original creditor on the student loan at issue was purportedly Bank One (JP Morgan Chase Bank, N.A.), an entity that was not previously identified in the Original Petition in the State Court Action.

52. King incurred attorney's fees in defending against the State Court Action and suffered other compensable damages as a result of the unlawful acts and omissions of NCO and Regent.

53. The foregoing acts and omissions were undertaken by NCO and Regent willfully, intentionally, knowingly, and/or in gross disregard of the rights of King, as part of the regular and routine collection efforts of NCO and Regent.

---

[5] "[T]he service of requests for admission containing false information upon a pro se defendant without an explanation that the requests would be deemed admitted after thirty days constitutes 'unfair or unconscionable' or 'false, deceptive, or misleading' means to collect a debt." *McCollough v. Johnson, Rodenburg & Lauinger, LLC*, 637 F.3d 939, 952 (9th Cir. 2011).

## COUNT I

## NCO'S VIOLATIONS OF THE FDCPA

54. Plaintiff repeats and incorporates by reference the preceding paragraphs.

55. NCO violated 15 U.S.C. § 1692e(14) by filing the State Court Action in the name of "National Collegiate Student Loan Trust 2005-2" rather than in NCO's true name.

56. NCO violated 15 U.S.C. § 1692e(5) by threatening to take and actually taking action that could not legally be taken in the name of "National Collegiate Student Loan Trust 2005-2" because: (a) NCSLT 2005-2 does not have the legal capacity to sue in Texas; (b) Wells Fargo did not authorize the State Court Action and did not retain Regent to represent NCSLT 2005-2; and (c) NCSLT 2005-2 is not registered as a foreign filing entity with the Secretary of State of the State of Texas.

57. NCO violated 15 U.S.C. § 1692e(10) by falsely representing in the Original Petition in the State Court Action that King entered into an agreement with NCSLT 2005-2, that King breached his purported agreement with NCSLT 2005-2, and that King's breach of his purported agreement with NCSLT 2005-2 made it necessary NCSLT 2005-2 to retain Regent.

58. NCO further violated 15 U.S.C. § 1692e(10) by serving discovery requests within the Original Petition in the State Court Action that asked King to falsely admit, among other things: (a) that "Plaintiff entered into a contract with Defendant;" (b) that "Plaintiff and Defendant entered into an agreement to create an account for credit;" (c) that "Plaintiff opened the Account;" (d) that "Plaintiff offered an extension of credit to Defendant;" (d) that "Plaintiff made a loan on behalf of Defendant for the amount requested;" (e) that "Defendant made purchases using the credit provided by Plaintiff;" and (f) that "Defendant has no defense to this suit, and judgment should be granted, as prayed for."

59. NCO further violated 15 U.S.C. § 1692e(10) by serving false, embedded discovery requests upon a *pro se* defendant with no warning as to their legal impact.

60. NCO violated 15 U.S.C. § 1692(e) and § 1692(f) by concealing the identity of the original creditor in the State Court Action.

61. NCO further violated 15 U.S.C. § 1692(e) and § 1692(f) by concealing NCO's involvement in the State Court Action

62. NCO violated 15 U.S.C. § 1692(e), in general, by using false, deceptive, and misleading representations and means to collect the purported debt and by deceptively portraying the State Court Action as a suit by an original creditor rather than a third-party debt collector.

63. NCO 15 U.S.C. § 1692(f), in general, by using unfair and unconscionable means to collect the purported debt.

## COUNT II

## NCO'S VIOLATIONS OF THE TDCA

64. Plaintiff repeats and incorporates by reference the preceding paragraphs.

65. NCO violated Tex. Fin. Code § 392.304(a)(1) by filing the State Court Action in the name of "National Collegiate Student Loan Trust 2005-2" rather than in NCO's true name.

66. NCO violated Tex. Fin. Code § 392.304(a)(8) by misrepresenting in a judicial proceeding that the identity of the plaintiff in the State Court Action was "National Collegiate Student Loan Trust 2005-2."

67. NCO further violated Tex. Fin. Code § 392.304(a)(8) by falsely representing in the Original Petition in the State Court Action that King entered into an agreement with NCSLT 2005-2, that King breached his purported agreement with NCSLT 2005-2, and that King's

___

Eric King v. NCO Financial Systems, Inc., and Anh H. Regent d/b/a Regent & Associates
COMPLAINT AND DEMAND FOR JURY TRIAL                                                                                            Page 10

breach of his purported agreement with NCSLT 2005-2 made it necessary for NCSLT 2005-2 to retain Regent.

68.  NCO violated Tex. Fin. Code § 392.304(19) by using other false representations and deceptive means to collect the purported debt by: (a) concealing the identity of the original creditor; (b) serving false, embedded discovery requests upon a *pro se* defendant with no warning as to their legal impact; (c) failing to disclose that the State Court Action was filed at the direction of NCO; and (d) deceptively portraying the State Court Action as a suit by an original creditor rather than a third-party debt collector.

## COUNT III

## NCO'S VIOLATIONS OF THE TDTPA

69.  Plaintiff repeats and incorporates by reference the preceding paragraphs.

70.  NCO violated the TDTPA.  Tex. Fin. Code § 392.404(a) provides that a violation of the TDCA is a violation of the TDTPA.

## COUNT IV

## REGENT'S VIOLATIONS OF THE FDCPA

71.  Plaintiff repeats and incorporates by reference the preceding paragraphs.

72.  Regent violated 15 U.S.C. § 1692e(14) by filing the State Court Action in the name of "National Collegiate Student Loan Trust 2005-2" rather than in NCO's true name.

73.  Regent violated 15 U.S.C. § 1692e(5) by threatening to take and actually taking action that could not legally be taken in the name of "National Collegiate Student Loan Trust 2005-2" because: (a) NCSLT 2005-2 does not have the legal capacity to sue in Texas; (b) Wells Fargo did not authorize the State Court Action and did not retain Regent to represent NCSLT

2005-2; and (c) NCSLT 2005-2 is not registered as a foreign filing entity with the Secretary of State of the State of Texas.

74. Regent violated 15 U.S.C. § 1692e(10) by falsely representing in the Original Petition in the State Court Action that King entered into an agreement with NCSLT 2005-2, that King breached his purported agreement with NCSLT 2005-2, and that King's breach of his purported agreement with NCSLT 2005-2 made it necessary for NCSLT 2005-2 to retain Regent.

75. Regent further violated 15 U.S.C. § 1692e(10) by serving discovery requests within the Original Petition in the State Court Action that asked King to falsely admit, among other things: (a) that "Plaintiff entered into a contract with Defendant;" (b) that "Plaintiff and Defendant entered into an agreement to create an account for credit;" (c) that "Plaintiff opened the Account;" (d) that "Plaintiff offered an extension of credit to Defendant;" (d) that "Plaintiff made a loan on behalf of Defendant for the amount requested;" (e) that "Defendant made purchases using the credit provided by Plaintiff;" and (f) that "Defendant has no defense to this suit, and judgment should be granted, as prayed for."

76. Regent further violated 15 U.S.C. § 1692e(10) by serving false, embedded discovery requests upon a *pro se* defendant with no warning as to their legal impact.

77. Regent violated 15 U.S.C. § 1692(e) and § 1692(f) by concealing the identity of the original creditor in the State Court Action.

78. Regent further violated 15 U.S.C. § 1692(e) and § 1692(f) by concealing NCO's involvement in the State Court Action.

79. Regent violated 15 U.S.C. § 1692(e), in general, by using false, deceptive, and misleading representations and means to collect the purported debt and by deceptively portraying the State Court Action as a suit by an original creditor rather than a third-party debt collector.

80. Regent 15 U.S.C. § 1692(f), in general, by using unfair and unconscionable means to collect the purported debt.

## COUNT V

## REGENT'S VIOLATIONS OF THE TDCA

81. Plaintiff repeats and incorporates by reference the preceding paragraphs.

82. Regent violated Tex. Fin. Code § 392.304(a)(1) by filing the State Court Action in the name of "National Collegiate Student Loan Trust 2005-2" rather than in NCO's true name.

83. Regent violated Tex. Fin. Code § 392.304(a)(8) by misrepresenting in a judicial proceeding that the identity of the plaintiff in the State Court Action was "National Collegiate Student Loan Trust 2005-2."

84. Regent further violated Tex. Fin. Code § 392.304(a)(8) by falsely representing in the Original Petition in the State Court Action that King entered into an agreement with NCSLT 2005-2, that King breached his purported agreement with NCSLT 2005-2, and that King's breach of his purported agreement with NCSLT 2005-2 made it necessary for NCSLT 2005-2 to retain Regent.

85. Regent violated Tex. Fin. Code § 392.304(19) by using other false representations and deceptive means to collect the purported debt by: (a) concealing the identity of the original creditor; (b) serving false, embedded discovery requests upon a *pro se* defendant with no warning as to their legal impact; (c) failing to disclose that the State Court Action was filed at the direction of NCO; and (d) deceptively portraying the State Court Action as a suit by an original creditor rather than a third-party debt collector.

## COUNT VI

## REGENT'S VIOLATIONS OF THE TDTPA

86. Plaintiff repeats and incorporates by reference the preceding paragraphs.

87. Regent violated the TDTPA. Tex. Fin. Code § 392.404(a) provides that a violation of the TDCA is a violation of the TDTPA.

## COUNT VII

## CIVIL CONSPIRACY BETWEEN NCO AND REGENT

88. Plaintiff repeats and incorporates by reference the preceding paragraphs.

89. NCO and Regent participated together in a scheme to coerce payment from King by engaging in the following overt actions: (a) unlawfully filing the State Court Action in the name of "National Collegiate Student Loan Trust 2005-2;" (b) unlawfully filing the State Court Action without the authorization of Wells Fargo; (c) unlawfully filing the State Court Action without registering NCSLT 2005-2 as a foreign filing entity with the Texas Secretary of State; (d) misrepresenting in the State Court Action that King entered into and breached an agreement with NCSLT 2005-2; (e) misrepresenting in the State Court Action that Regent was retained by NCSLT 2005-2; (f) concealing the identity of the original creditor in the State Court Action; and (g) deceptively portraying the State Court Action as a suit by an original creditor rather than a third-party debt collector.

90. King incurred attorney's fees suffered other compensable damages as a proximate result of the unlawful overt actions of NCO and Regent.

___

Eric King v. NCO Financial Systems, Inc., and Anh H. Regent d/b/a Regent & Associates
COMPLAINT AND DEMAND FOR JURY TRIAL                                                                                                Page 14

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff respectfully requests that judgment be entered against Defendants NCO and Regent for the following:

A. Declaratory judgment that the conduct of Defendants NCO and Regent violated the FDCPA, the TDCA, and the TDTPA;

B. Declaratory judgment that Defendants NCO and Regent engaged in an unlawful civil conspiracy against King;

C. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1), Tex. Fin. Code § 392.403(a)(2), and Tex. Bus. & Com. Code § 17.50(h);

D. Actual and consequential damages for unlawful civil conspiracy;

E. Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2);

F. Costs of court and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3), Tex. Fin. Code § 392.403(b), and Tex. Bus. & Com. Code § 17.50(d); and

G. Such other and further relief as the Court may deem just and proper.

## **TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: February 12, 2015.

> Respectfully submitted,
>
> */s/ Dennis H. Waters*
> Dennis H. Waters
> Texas State Bar No. 00785190
> 555 Republic Drive, Suite 200
> Plano, TX  75074-5469
> Telephone:  (972) 516-4296
> Facsimile:   (972) 516-4297
> E-mail:      Dennis.H.Waters@gmail.com
> **ATTORNEY FOR PLAINTIFF
> ERIC KING**